## ANTHONY E. MUSCATELLI & ASSOCIATES, INC.

v.

## GEISSER ENGINEERING CORP., and John R. Assalone.

### No. 97–444–Appeal.

Supreme Court of Rhode Island.

April 17, 1998.

Jack D. Pitts, Johnston.

Arnold N. Montaquila, Joseph C. Summer; Raymond J. McMahon, Providence.

### ORDER

This case came before the court for oral argument April 13, 1998, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of coun-

sel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, John R. Assalone (Assalone), has appealed from a judgment entered in the Superior Court in favor of co-defendant, Geisser Engineering corp. (Geisser), on its cross-claim against Assalone in the amount of $30,910.46 including interest. The plaintiff, Anthony E. Muscatelli & Associates, Inc. (Muscatelli), is not involved in this appeal.

Initially, Assalone requested that Geisser perform a survey of a parcel of real estate to be acquired by him or by his designee. Because Geisser was extremely busy at the time, it obtained the services of Muscatelli to perform the survey. Muscatelli performed the work and conducted a perimeter survey and topographical survey of the property to be acquired by Assalone. Following the delivery of these surveys, a corporation that had been subsequently formed took title to the surveyed property. The price of the survey was agreed upon between Geisser and Assalone. The only payment made to Muscatelli was in the sum of $5,500 paid by Geisser. On the basis of these facts which were found by the trial justice after a non-jury trial, judgment was entered on the cross-claim in favor of Geisser against Assalone.

It should be noted that Muscatelli became bankrupt in 1990. Consequently, Geisser paid Shawmut Bank, which had been authorized by the Bankruptcy Court to collect Muscatelli's accounts receivable.

Our review of the record discloses that the findings of the trial justice were amply supported by the evidence in the case and that he did not overlook or misconceive material evidence, nor was he otherwise clearly wrong.

Consequently, Assalone's appeal is denied and dismissed and the judgment entered in the Superior Court is affirmed.